```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA

LORI SCHOUEST                             CIVIL ACTION

VERSUS                                    NO: 07-494

WAL-MART STORES, INC., ET AL              SECTION: J(3)
```

**ORDER AND REASONS**

Before the Court is Defendant Wal-Mart Louisiana, L.L.C.'s ("Wal-Mart") **Motion for Summary Judgment (Rec. Doc. 21)**. This motion, which is opposed, was set for hearing on November 28, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's motion should be granted.

**Background Facts**

Plaintiff was employed by Wal-Mart in December 2005 in the furniture department as a department manager. Plaintiff's direct supervisor was Devin Eschete ("Eschete"). On December 26, 2005, Eschete instructed Plaintiff to complete a task that would have resulted in Plaintiff working approximately twenty minutes more than six hours without taking her lunch break. Wal-Mart policy required hourly Associates to take a lunch breach within six

hours of clocking in for work.  Plaintiff clocked out and left for lunch instead of completing the task.  She complained to the store manager, Janis Chauvin ("Chauvin"), who agreed that she should clock out.

In mid-January 2006, Eschete attended a training session with other store managers.  According to Plaintiff, following this incident, Eschete and other Wal-Mart employees began to retaliate against her and in April 2006, Plaintiff resigned from her position at Wal-Mart.

On December 7, 2006, Plaintiff filed suit against Wal-Mart in state court alleging that she was retaliated against "for engaging in the protected activity of making an informal complaint to her employer regarding wage and hour issues and her refusal to work off the clock in violation of the Fair Labor Standards Act."  According to Plaintiff, actions of the Defendant violated the anti-retaliation provisions of the Fair Labor Standards Act ("FLSA") and constituted intentional infliction of emotional distress under Louisiana law.  Wal-Mart then removed the case to this Court.

## The Parties Arguments

**A.   Fair Labor Standards Act**

According to Defendant, Plaintiff cannot state a cause of action for retaliation in violation of the FLSA for three reasons: (1) Plaintiff did not participate in a protected activity, (2) Plaintiff was not subject to an adverse employment action, and (3) Plaintiff cannot establish a causal connection

between her complaint and any adverse employment action.

First, Defendant states that Plaintiff did not complain about any violation of the FLSA or otherwise engage in any protected activity.  Nor was Plaintiff ever asked to work off the clock without pay.  Instead, Plaintiff merely made a single complaint to the store manager that Eschete had requested she violate Wal-Mart's break policy by working more than six hours before taking her lunch break.  The store manager told Plaintiff to clock out and take her lunch break and that was the end of the matter.

In opposition, Plaintiff states she did engage in a protected activity by making an informal complaint to her employer about actions she reasonably believed violated the FLSA. As such, Defendant's actions do constitute retaliation against her for engaging in the protected activity of making an informal complaint to her employer regarding wage and hour issues and her refusal to work off the clock in violation of the FLSA. Plaintiff acknowledges that neither the Supreme Court nor the Fifth Circuit have addressed the issue whether an informal complaint is a protected activity under the FLSA.  However, Plaintiff cites to other Courts of Appeals that have found that informal complaints are protected by the FLSA.  See, e.g., Valerio v. Putnam Assoc. Inc., 173 F.3d 35 (1st Cir. 1999); Brock v. Richardson, 812 F.2d 121 (3rd Cir. 1987); EEOC v. Romeo Community Schools, 976 F.2d 985 (6th Cir. 1992); Love v. Re/Max of America, 738 F.2d 383 (10th Cir. 1984); Brennan v. Maxey's

Yamaha, Inc., 513 F.2d 179 (8th Cir. 1975).

In reply, Defendant states that regardless of whether or not an informal complaint is sufficient for purposes of the FLSA, there was no complaint about a request that Plaintiff work without compensation, which is the only possible FLSA violation complaint that Plaintiff could have made. Even though Eschete allegedly asked Plaintiff to work beyond six hours, Eschete explained to her that a time adjustment could be made and that Plaintiff would be paid for the time worked rather than work off the clock.

Second, Defendant states that Plaintiff was not subject to an adverse employment action even assuming that her late December 2005 complaint could be considered protected activity. The only arguably adverse actions that were taken against Plaintiff were that she received a verbal coaching[1] on January 31, 2006, and that she resigned in April 2006. The verbal coaching did not affect Plaintiff's pay, terms, or conditions of employment. Similarly, Plaintiff's resignation was not based on any action taken against her by Wal-Mart that would have caused a reasonable person in her position to resign, as is required when alleging constructive discharge. Haley v. Alliance Compressor, LLC, 391 F.3d 644, 651-52 (5th Cir. 2004).

In opposition, Plaintiff states that Defendant's pattern of retaliatory behavior constituted an adverse employment action.

---

[1] A verbal coaching is the lowest step in Wal-Mart's progressive discipline procedure.

Specifically, Plaintiff alleges a pattern of activity that is materially adverse and which would dissuade a reasonable worker from making or supporting a charge of discrimination.  According to Plaintiff, this pattern of harassment includes: a written coaching, failure to assign Plaintiff any help, quizzing co-workers about the work performed by Plaintiff, assigning Plaintiff tasks that reasonably could not be performed within the period specified, surveillance of and monitoring Plaintiff's work activity even after Plaintiff had been transferred to another department, false accusations that Plaintiff had stolen an item, repeated instances of counting Plaintiff's cash drawers, and harassing comments to Plaintiff.

Third, Defendant states that Plaintiff cannot establish a causal connection between her complaint and any adverse employment action.  Plaintiff alleges that as a result of her complaint in late-December 2005, Eschete was required to attend training on wage and hour regulations and soon after began to retaliate against Plaintiff.  However, according to Defendant, Eschete was not sent to wage and hour training or punished in any other way as a result of Plaintiff's late-December 2005 complaint.  Eschete attended one day of regularly scheduled management training with other managers in January 2006 which had nothing to do with any type of wage and hour issue.  As there was no disciplinary action of any kind taken against Eschete as a result of Plaintiff's late-December 2005 complaint, there was nothing for Eschete to retaliate about.

Assuming the verbal coaching is the relevant adverse employment action, Plaintiff's verbal coaching occurred on January 31, 2006, more than one month after Plaintiff's complaint.  However, Eschete had been threatening to coach Plaintiff for the same performance issues since she became Plaintiff's supervisor in mid-December 2005.  Furthermore, Plaintiff acknowledged that her problems with Eschete began at the beginning of their work relationship, before she made her "off the clock" complaint.  In fact, Plaintiff made several complaints about Eschete both before and after the late-December incident.  Therefore, there is no way to establish that even if Plaintiff was written up because of a complaint, as opposed to her failure to perform her job, the coaching at issue is attributable to the complaint in late-December as opposed to any of the other complaints.

Should Plaintiff's April 2006 resignation be deemed to be the relevant adverse employment action, Defendant points out that there is no evidence that any of Eschete's alleged acts between February and April of 2006[2] can be attributed to the single comment Plaintiff made to Chauvin in December 2005 as opposed to Plaintiff's other complaints.

In opposition, Plaintiff states that Eschete did not begin to retaliate against Plaintiff until after the late-December 2005

---

[2] As of February 17, 2006, Plaintiff moved to another department and no longer worked with Eschete.  Plaintiff does claim, however, that Eschete would sometimes go into her area of the store.

complaint.  Plaintiff acknowledges that Eschete had been "ugly" to her from the beginning, but the acts of harassment against Plaintiff mentioned above did not begin to occur until after the complaint.

**B.   Intentional Infliction of Emotional Distress**

Defendant cites several cases in support of its assertion that Plaintiff cannot recover for intentional infliction of emotional distress under Louisiana law.  <u>White v. Monsanto Co.</u>, 585 So. 2d 1205, 1209 (La. 1991) (supervisor's conduct was not extreme or outrageous enough to give rise to recovery for intentional infliction of emotional distress even though he had launched a profane tirade directed at plaintiff that caused her to check into a hospital); <u>Beaudoin v. Hartford Accident & Indemnity Co.</u>, 594 So. 2d 1049 (La. App. 3d Cir. 1992) (supervisor's conduct of raising his voice, cursing, and criticizing the employee's work over a period of about one year, resulting in emotional breakdown, not sufficient to constitute outrageous conduct).

According to Defendant, Plaintiff's allegations are that her supervisor failed to support her and had unreasonable expectations about her job performance, was "ugly" to her, gave Plaintiff a single verbal coaching, and accused Plaintiff of stealing an item.  Defendant states that these allegations do not rise to the level of severe and outrageous conduct required to state a claim for intentional infliction of emotional distress under Louisiana law.

7

In opposition, Plaintiff states that there are sufficient facts to at least create an issue of fact as to whether Plaintiff suffered intentional infliction of emotional distress.  Plaintiff cites to the pattern of harassment mentioned above.

### Discussion

**A.   Summary Judgment Standard**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

**B.   Fair Labor Standards Act**

The Fair Labor Standards Act provides in pertinent part:

> (a) . . . [I]t shall be unlawful for any person . . . (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee;

29 U.S.C. 215(a)(3).  To establish a prima facie case of retaliation under the FLSA, a plaintiff must show: (1) that he engaged in a protected activity, (2) an employment action that

disadvantaged him, and (3) a causal connection between the protected activity and the adverse employment action.  Smith v. Parish of Washington, 318 F. Supp. 2d 366 (E.D. La. 2004).

As to whether Plaintiff's informal complaint suffices for purposes of an FLSA violation, the Fifth Circuit has not explicitly ruled on whether such a complaint is protected. Courts in this District have arrived at mixed results.  Compare Dronet v. Lafarge Corp., No. 00-2656, 2001 WL 699384 (E.D. La. June 20, 2001) (Clement, Chief J.) (plaintiff did not engage in protected activity under the FLSA even though he lodged verbal complaints over the last two years of his employment, wrote a letter to his supervisor, and contacted an unspecified governmental agency to inquire about how vacation pay should be calculated); Booth v. Intertrans Corp., No. 94-2359, 1995 WL 324631 (E.D. La. May 26, 1995) (Vance, J.) (informal complaints to company officials do not constitute protected activity) with Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425 (E.D. La. 2005) (Berrigan, Chief J.) (finding that repeated informal complaints to an employer can be considered protected activity under the FLSA).  Because this Court finds that no FLSA violation took place for Plaintiff to complain about, there is no need to decide whether informal complaints can constitute protected activity. Eschete may have asked Plaintiff to work beyond the six hour time period allowed, but she also explained that any work Plaintiff did beyond six hours could be adjusted so that Plaintiff would not be working "off the clock."

In an abundance of caution, however, this Court now turns to the additional factors to be proven in an FLSA retaliation action. As to whether Plaintiff suffered an adverse employment action, the Fifth Circuit has interpreted the "adverse employment action" element in a stricter sense than other circuits. Burger v. Cent. Apartment Mgmt., Inc., 168 F.3d 875, 878 (5th Cir.1999). Because Plaintiff's verbal coaching did not affect any terms of her employment, it does not suffice as an adverse employment action.

As to whether Plaintiff's resignation could be considered a constructive discharge, Plaintiff must demonstrate that a reasonable employee in Plaintiff's situation would have felt compelled to resign. Haley, 391 F.3d 644. In Conner v. Celanese, Ltd., Plaintiff asserted that the Defendant overly scrutinized her work and counted errors against her. 428 F. Supp. 2d 628, 639 (S.D. Tex. 2006). Plaintiff also contended that Martinez told another employee that she hated Conner and would do anything to "get rid of her." Id. The Court determined that even accepting these alleged facts as true, they are not enough to satisfy the stringent burden of proving a claim for constructive discharge. Id. There was simply no evidence before the Court that Defendant's conduct was so intolerable that a reasonable employee would feel compelled to resign. Id. Therefore, Plaintiff was unable to establish a genuine issue of material fact on the discharge element of her prima facie case of retaliation and failed to establish that she suffered a

recognized adverse employment action.  Id.  Accordingly, the Court granted summary judgment as to Plaintiff's retaliation claim.  Id.

Similarly to Conner, Plaintiff has failed to establish a genuine issue of material fact as to whether she suffered an adverse employment action.  As such, summary judgment should be granted as to Plaintiff's retaliation claim.

Furthermore, Plaintiff is unable to show a causal connection between her late-December complaint and any adverse employment action that may have occurred.

## C. Intentional Infliction of Emotional Distress

To recover for intentional infliction of emotional distress in Louisiana, a plaintiff must establish that: (1) the conduct of the defendant was extreme and outrageous, (2) the emotional distress suffered by the plaintiff was severe, and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain to result from his conduct.  White, 585 So. 2d at 1209.  "Extreme and outrageous conduct" has been defined by Louisiana courts as "conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community."  Id. at 1209.

Based on the standard set forth in White, Plaintiff has failed to establish that there exists a genuine issue of material fact as to whether she suffered intentional infliction of

11

emotional distress.  Eschete's behavior did not rise to the level of "extreme and outrageous" that went beyond all possible bounds of decency.  Therefore, summary judgment should be granted as to this claim as well.  Accordingly,

**IT IS ORDERED** that Defendant Wal-Mart's **Motion for Summary Judgment (Rec. Doc. 21)** is hereby **GRANTED.**

New Orleans, Louisiana, this 10th day of December, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE